IN THE MATTER OF THE APPLICATION OF THE TOWN OF HARRISON ET AL., FOR WRITS OF CERTIORARI TO REVIEW AN ORDER APPOINTING COMMISSIONERS TO APPRAISE THE PROPERTY OF THE PASSAIC CONSOLIDATED WATER COMPANY AND THE AWARD BASED THEREON.

Argued May 8, 1930—Decided July 1, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the applicants, *McCarter & English.*

For the respondents, *William I. Lewis.*

PER CURIAM.

Originally this application, pursuant to the language of the notice, would seem to have been intended to be for a writ of *certiorari* to review the action of Mr. Justice Black, of May 25th, 1929, appointing commissioners to ascertain the compensation, &c., to be paid the Passaic Consolidated Water Company for the taking of its properties by the Passaic Valley Water Commission.

As the matter is now urged it is not only for a writ to review this order but also to review the award of such commissioners.

Perhaps the language of the notice may be extended this far. Such language is "to grant a writ or writs of *certiorari* removing the order made by his honor, Charles C. Black, justice of the Supreme Court, on the twenty-fifth day of May, 1929, appointing commissioners in the matter of the application of Passaic Valley Water Commission for the appointment of three commissioners to fix the compensation to be paid for the water works, rights, franchises and property of Passaic Consolidated Water Company to be taken and condemned for public use and all things touching and concerning the same."

Whether or not the award or report of such commissioners, if that was material, was included within the language and terms of this notice, might be extremely doubtful.

The factual situation is that pursuant to *Pamph. L.* 1923,

*ch.* 195, the cities of Paterson, Passaic and Clifton, upon notice as required, to the town of Harrison and other municipalities served by the Passaic Consolidated Water Company, made application to the said Honorable Charles C. Black, a justice of the Supreme Court, on July 2d, 1927, for the appointment of a commission under said act to acquire by purchase or condemnation the water works of said Passaic Consolidated Water Company and such appointment was duly made on such date so noticed.

Such commission duly organized and proceeded with its work under the statutes and negotiated with said water company for the purchase of its works, &c., in which it was unsuccessful because of disagreement as to price. Such commission thereupon concluded, under the authority of the aforesaid act to take proceedings to condemn such property, including "the interest of said company in all contracts for the purpose of supplying water or water rights to or for the sale of water to or by the Passaic Consolidated Water Company" and did make application to said justice of the Supreme Court for the appointment of commissioners to fix and assess the compensation for such taking and in such application did, among other things, set forth:

"13. The purpose of this application is to acquire all of the property of said Passaic Consolidated Water Company except moneys and securities, bills and accounts receivable and except its franchise as a corporation to the end that the petitioner, on behalf of the said cities of Paterson, Passaic and Clifton, may own said property free and clear from all encumbrances thereon and supply said cities with water for domestic and public use and perform such obligations in relation to supplying water which are binding at the present time upon said Passaic Consolidated Water Company." And such petition did by paragraph 14 set up the municipalities supplies, outside of Paterson, Passaic and Clifton, including therein the town of Harrison.

By order of Mr. Justice Black of April 12th, 1928, commissioners in condemnation were appointed.

It is said, and appears not to be denied, that at such time

the present applicants for this writ appeared and objected to such appointment upon the same grounds as now relied upon, but notwithstanding such objection the commissioners were appointed.

Application was thereafter made to this court on October 4th, 1928, by the present applicants, for writs of *certiorari* and they were allowed.

In the meantime the water company had made application for and obtained writs of *certiorari* upon grounds quite different from those invoked by the present prosecutors for their former writs and reiterated in this case, and the Court of Errors and Appeals eventually set aside the proceedings. *Passaic Consolidated Water Co.* v. *McCutcheon, 7 N. J. Adv. R.* 335.

To meet the findings of this latter court remedial and corrective legislation was adopted by *Pamph. L.* 1929, *ch.* 31, amending the original act of 1923, *supra.* The writ or writs of *certiorari* of the present applicants were not pursued or prosecuted, although as just pointed out, they had no logical relation to the reported case.

Subsequent to such amendatory legislation application by the Passaic Valley Water Commission was again made for the appointment of condemnation commissioners and by order dated May 25th, 1929, Mr. Justice Black again appointed such commissioners. This is the order now challenged.

It is again asserted that the present applicants then appeared before Mr. Justice Black and again presented the objections here urged to the appointment of the commissioners and to the proceeding. This appears not to be denied.

The condemnation commissioners proceeded with their work and a majority of them made their report on April 28th, 1930, awarding to the Passaic Consolidated Water Company for the value of its lands, water works and other property and its damages the sum of fourteen millions of dollars.

The notice of the present application is said to have been given before the coming in of this report, although the notice bears no date nor is there anything in the record before us

to show when it was served upon the several parties in interest. This however is not material.

From the oral argument and the brief of counsel for the applicants it appears that the ground upon which the application is made is that the New York and New Jersey Water Company and the Suburban Water Company, either or both, are the owners of mains, &c., by and through which they serve the town of Harrison and other consumers and have made contracts with such municipalities based upon contracts they, in turn, hold with the Passaic Consolidated Water Company, all of which contracts, as they presently exist, are subject to control, as to price to be paid for water, by the public utility commissioners and because of this taking over of such contracts by the proceedings in question by the Passaic Valley Water Commission, the terms of these contracts are abrogated or interfered with or impaired inasmuch as after such taking the rates for the water supplied will not be under, or subject, to the control and regulation of the public utility commissioners, and therefore the acts of 1923, and 1929, *supra,* are unconstitutional, and in violation of section 3, article 7, of the state constitution.

From the facts and representations before us this appears to be unsubstantial and does not present a probable and imminent situation. At best, the condemnors take over nothing more than the contracts as they presently exist and these appear to have a term of years to run before they expire. We are entirely unable to see how in this respect the acts of 1923 and 1929, *supra,* transgress and come within the constitutional prohibition. Naturally and inevitably the acquisition by the public, or a public agency, of a water supply owned by a utility removes it from the field of utility regulation. A similar result follows when a city condemns the plant of a local water company.

It is urged upon the part of the Passaic Valley Water Commission that the present applicants are in laches in the present application.

We think that is so. It is disputed by the applicants, and for several reasons.

For instance they say that at all times they have objected and protested against the proceedings in eminent domain for and upon the same grounds as urged here, and consequently when the condemnors proceeded they did so at their peril.

Assuming that to be true, the applicants here have had intimate notice of the intentions and purposes of the condemnors since about May 2d, 1927, and the extent of their activities is to have entered their objections to the appointment of commissioners on April 12th, 1928, and obtaining a writ on October 4th, 1928, which they failed, for the reason before indicated, to prosecute and thereafter entered their objections to the appointment of commissioners on May 5th, 1929.

Since this last demonstration, upon their part, they have permitted the condemnation proceedings to proceed to a conclusion and report without any further attack. Here is a great and important and, immediately necessary, public improvement in which three municipalities, of large population, are vitally and, from a sanitary standpoint, highly interested and in the furtherance and consummation of the purpose of securing a public water supply, have expended at least the sum of $266,000, which expenditure is entirely aside from the large expenditure of the North Jersey District Water Supply Commission in acquiring and constructing the Wanaque river water works and reservoir from which the supply of water, in large part at least, is to be obtained by the Passaic Valley Water Commission for the cities of Paterson, Passaic and Clifton; said Wanaque supply being largely, if not entirely, unusuable until, and if, the properties of the Passaic Consolidated Water Company are obtainable and actually obtained.

It is elementary and fundamental in the law of laches that mere protests, and even threats, or anything short of invoking a legal remedy, will not suffice to bar the application of the rule.

It is further urged by the applicants that laches cannot be charged against them because they are seeking a writ to review the report of the commissioners in condemnation, which right

of review they have as laid down in *Stewart* v. *Hoboken,* 57 *N. J. L.* 330. We think the situation in that case is radically, and entirely, different from that here, so much so, in fact, as to make it entirely inapplicable. In the case before us the only possible interest that two of the applicants have in the subject-matter of the condemnation is that as to certain contracts which they have with the water company, and which Harrison has with either or both of these applicants, the condemnor is assuming and taking over the property in them and the obligation of performance by the Passaic Consolidated Water Company.

There is no provision in the statutes of 1923 and 1929, *supra,* for awarding compensation or damages to the applicants for such taking as there was in *Stewart* v. *Hoboken, supra.*

For these reasons the court in the exercise of its discretionary power concludes that the application should be denied. Such will be the order.